IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT DUNKLIN, #227652,** | : |
| Plaintiff, | : |
| vs. | :   CIVIL ACTION 14-0520-KD-N |
| **KENNEDY HARDEN,** | : |
| Defendant. | : |

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate who is proceeding pro se, filed an action under 42 U.S.C. § 1983. This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4), is recommended to be transferred to the United States District Court for the Middle District of Alabama.[1]

Plaintiff is incarcerated at Easterling Correctional Facility, which is located in Barbour County in the Middle District of Alabama. The address given for the sole defendant, Kennedy Harden, Sheriff of Butler County, Alabama, is Greenville, Alabama, which is located in the Butler County in the Middle District of Alabama. In his complaint, plaintiff complains about the inadequate medical treatment he received while incarcerated at the Butler County Correctional Facility. With respect to events occurring in this District, the complaint reveals no connection to the Southern District.

A § 1983 action may be brought in

---

[1] Plaintiff filed a motion to proceed without prepayment of fees (Doc. 4), which was granted. (Doc. 5). Subsequently, plaintiff paid the assessed partial filing fee of $4.43. (Doc. 6). For an orderly administration of this action, the Clerk is **DIRECTED** to send the partial filing fee to the United States District Court for the Middle District of Alabama at the time this action is transferred.

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); see New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action).  But, when venue is not proper in the district of filing, a district court may transfer the action, in the interest of justice, to any other district or division where the action might have been brought.  28 U.S.C. § 1406(a).

In the present action, the address given for the defendant is Greenville, Alabama, in the Middle District of Alabama, and the events giving rise to plaintiff's action occurred in the Middle District of Alabama.  Thus, plaintiff's action appears to have no connection to this district.  Venue is, therefore, lacking, and appears to be proper in the Middle District.  Considering plaintiff's pro se status, it is recommended, in the interest of justice, that plaintiff's action be transferred to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1406(a).  Kapordelis v. Danzig, 387 F. App'x 905, 906-07 (11thCir.) (unpublished) (affirming the sua sponte transfer, pursuant to § 1406(a), of a Bivens action from New York to Georgia), cert. denied, 131 S.Ct. 1481 (2011).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.

The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 21st day of January, 2015.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE